[No. 9460.   Department One.   November 11, 1911.]

WILLIAM B. SCHNEIDER, *Respondent*, v. SOUTH TACOMA
MILL COMPANY, *Appellant.*[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—APPARENT DANGERS
—QUESTION FOR JURY.   Whether the owner of a mill owed the duty to
warn a log scaler of the dangers of his position and the liability of
crooked logs to slew on the log deck, so that he did not assume the
risks, is for the jury, where he testified that he did not know of the
dangers, although other witnesses testified that the dangers were
apparent and the slewing of logs a common occurrence, and the
scaler had worked there nearly three months.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.   Whether
it was contributory negligence for a log scaler to take a position
near the scale pad while a crooked log was being rolled on the saw
carriage is for the jury, where the place was unsafe only on extra-
ordinary occasions and he testified that he did not know of the
dangers.

SAME—FELLOW SERVANTS—OPERATION OF MACHINERY—WARNING.
It is a nondelegable duty of the master to give warning of the roll-
ing of a crooked log on the saw carriage whereby the log scaler was
struck by the slewing of the log, and the question of fellow servants'
negligence does not arise.

MASTER AND SERVANT—NEGLIGENCE—FAILURE TO WARN—INSTRUC-
TIONS.   It is proper to refuse to instruct that the master owes no
duty to warn a servant of dangers where he is mature and intelli-
gent and the master has no notice or reason to believe that he is not
fully competent and acquainted with the dangers; since it is his
duty to warn him of hidden dangers unless he can show that the
servant had knowledge thereof.

DAMAGES — PERSONAL INJURIES — EXTENT — QUESTION FOR JURY.
Upon a dispute between surgeons as to the proper treatment to avoid
permanent injury, the question is for the jury.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.   A verdict for
$3,500, reduced by the trial court to $2,500, for the breaking of a leg,
will not be held excessive on appeal, where the plaintiff did not re-
gain a proper use of the leg after it had been set.

APPEAL—REVIEW—HARMLESS ERROR—ERROR FAVORABLE TO APPEL-
LANT.   The granting of a new trial, unless a reduced verdict was

[1]Reported in 118 Pac. 750.

accepted by the plaintiff, is not prejudicial error of which the defendant can complain, although the court did not find the first amount to be excessive.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered September 19, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a sawmill. Affirmed.

*James B. Murphy,* for appellant.

*J. B. Keener* and *W. McB. Perrin,* for respondent.

FULLERTON, J.—The appellant owns and operates a sawmill. The respondent was an employee therein, and was injured in the course of his employment. The present action was brought by the respondent to recover for the injuries so received. The sawmill was a dry land mill. Logs were brought to it on cars, from whence they were dumped on the ground in front of the end of the mill in which the saw, saw carriage and log deck were situated. The logs were dragged into the mill by means of a haul line, operated by the mill machinery, over a way called the log slip. This slip brought the logs into the mill on one side of the log deck, and from there they were rolled by means of a chain, also operated by machinery, onto the saw carriage. Along the sides of the log slip were placed shear logs, intended to guide the logs along the slip while they were being hauled into the mill. The end of one of these shear logs extended for a short distance into the mill proper, so that a log when hauled onto the log deck did not quite clear it.

It was the respondent's duty to unload the logs from the cars and cause them to be hauled into the mill as they were needed for sawing. It was his duty also, after the logs reached the log deck, to fasten the chain around them by which they were rolled onto the saw carriage, and to scale them and record the scale on a pad kept in the mill for that purpose. The mill was capable of cutting between forty

thousand and fifty thousand feet of lumber per day, and when the logs were small it kept the respondent busy, even with the aid of an assistant, to keep the saw supplied with logs.

On the day of the accident, the respondent caused a log somewhat crooked to be hauled into the mill. After it reached the log deck, he unfastened the haul line, put in place the chain used for rolling onto the saw carriage, took the scale of the log, and started back to record the scale on the scale pad. In the meantime, the person operating the chain caused it to be put in motion. The log not being straight, rolled part way upon the protruding portion, or "belly," as the witnesses expressed it, when the pull on the chain caused it to swing around somewhat crossways with the mill, the end of the log at the front of the mill swinging backwards towards the shear log opposite the place where the scale pad was kept. It struck the place just as the respondent reached it to record the scale, caught his leg against the shear log and crushed it, causing the injury for which he sues.

The respondent based his cause of action upon the claim that he had been put to work in a place fraught with dangers of which he was unaware, and could not ascertain by observation, and of which no warning was given him, although the dangers of the situation were well known to his employer. At the trial the respondent recovered a verdict in the sum of $3,500. A motion for a new trial was made, based upon a number of grounds, among which was the ground that the verdict was excessive. The motion as made seems to have been overruled; the court, however, entered an order directing that the verdict be reduced to $2,500 on condition that both parties accept it within ten days; providing that if it was accepted by the defendant and not by the plaintiff, a new trial should be granted, and if it was accepted by the plaintiff and not by the defendant, judgment should be entered for the full amount of the verdict. The plaintiff consented to a reduced verdict, but the defendant (appellant in

this court) refused, and judgment was thereupon entered on the verdict as returned.

At the close of the evidence, the appellant challenged its sufficiency to sustain a verdict for the respondent, and the overruling of this challenge constitutes the first error assigned. The respondent had been in the employ of the appellant on or about the sawmill, prior to the accident, nearly three months, two months of which he had spent in the work he was engaged in at the time of the accident. The evidence on the part of appellant tended to show that it was a very common occurrence for logs to skew or turn around when they were being rolled onto the saw carriage, especially when they were crooked, as was the log that injured the respondent; that logs frequently so turned during the time that the respondent was engaged in the duties he was performing when injured. And it is argued that the court should disregard his contention that he had no knowledge of this condition, and decide, as a matter of law, that the respondent knew, or should have known, of the dangers incident to his employment, and assumed the risk thereof by engaging therein.

But, notwithstanding the record convinces us that the jury would have been warranted in finding in favor of the appellant's contention, we cannot say that they were obligated to do so. The respondent's testimony of the matter is not so preposterous as to preclude a belief in its truth, and this being so, the question was one for the jury and not the court. If the respondent's version of the case be true, there was a clear case of negligence on the part of the appellant. It owed him the duty, when putting him to work, of warning him against the dangers of his situation. If the appellant did not do this, and the respondent was injured because thereof, it was guilty of negligence, and is liable to answer in damages for such injuries. The work was not of such ordinary character that a person of ordinary experience could know of the dangers incident to its

performance. The respondent's situation was behind the log, opposite the direction in which it was being rolled. It would hardly seem that it was patent or open to ordinary observation that a log so rolled, even though it was crooked, would skew around sufficiently to strike against the shear log.

It is next contended that the respondent was guilty of contributory negligence, in that he voluntarily placed himself in a dangerous situation in which to perform his work, when a perfectly safe place was open to him. But the evidence on this point is in dispute. Indeed, we think the evidence shows that the respondent was performing his duties at the time of the injury in the manner he was expected to perform them, except, perhaps, that the employer did not expect him to take a position near the scale pad at the time a crooked log was being rolled onto the saw carriage. For the ordinary log and for the ordinary situation the place was a perfectly safe one; it only became unsafe on extraordinary occasions, such as the occasion on which he was injured. If he did not know of the dangers accompanying such a situation, he could not be guilty of contributory negligence in acting on such an occasion as he did while the ordinary log was being rolled onto the saw carriage. That he did not know of such danger, he testified before the jury, and the jury found in his favor.

There is no question here of fellow servant. The injury was due to a lack of warning of the danger, and to give such warning is a nondelegable duty of the master, he cannot escape liability by delegating the duty to another.

The appellant requested the following instructions, namely:

"You cannot find the defendant guilty of negligence in not warning plaintiff unless the evidence shows that the defendant knew or ought to have known on the day of the accident that the plaintiff was ignorant of the danger and needed warning.

"An employee of mature years is presumed to be acquainted with the dangers incident to the service; and no duty rests upon the master to warn and instruct him as to the possible or probable dangers of the employment, where he is mature, intelligent and experienced in the work, and the master has no notice or reason to believe that he is not fully competent and acquainted with such dangers."

The refusal to give these instructions is assigned as error, but manifestly the ruling of the court was right. Before permitting the respondent to engage in the work, it was the duty of the appellant to inform him of the dangers incident to the work that were not obvious and apparent. This duty devolved upon the appellant whether the respondent made inquiry or not, and it can escape liability for its failure to so warn him, only by showing that the respondent had actual knowledge of all such dangers. In other words, the duty to warn against hidden dangers devolves upon the master, and he can escape liability from a failure to give such warning only by showing that the servant had actual knowledge of the conditions. It is not enough to show that he had no knowledge of the fact that the servant did not know of the dangers. Tested by these principles, the requested instructions are erroneous, and the court did not err in refusing to give them.

The appellant next assigns error on the order of the court refusing to grant a new trial, but the motion was properly overruled. One of the grounds of the motion was, as we have before stated, excessive damages. It appears that the respondent did not regain a proper use of his leg after the broken bones had been reset and healed. The surgeon who first attended the injury said that this was because the respondent would not submit to some further surgical treatment after the original wound had healed. The respondent testified that he so refused on the advice of another surgeon whom he had employed to treat him after discharging the first one, and there is a dispute in the record between the surgeons as to what would have been proper treatment. In

such a cause, the question is properly left to the jury. In the present condition of the respondent's injury, the damages do not appear to us to be excessive.

Complaint is made also of the order entered by the court in relation to the motion for a new trial. The order was somewhat peculiar, but we cannot understand how the appellant was prejudiced thereby. The court did not enter the order on the theory that the verdict was excessive. On the contrary, it made no such finding. It was evidently an effort on its part to effect a compromise, but since the appellant did not accept of it, or lose any rights because thereof, it cannot insist that the error, if error it was, is reversible.

The judgment is affirmed.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.