[No. 14411.   Department Two.   April 30, 1918.]

Nick Daraveleas, *Respondent,* v. Norton H. Morrison
*et al., Appellants.*[1]

· Master and Servant—Negligence of Master—Safe Place—Duty
to Warn.   In an action for personal injuries inflicted by starting
up the engine of a steam thresher without warning while plaintiff
was in a place of danger cleaning out the separator, the fellow
servant doctrine is not in issue, since it was a nondelegable duty
of the master to give a warning of the starting of the machinery
under such circumstances.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered April 7, 1917, up-
on the verdict of a jury rendered in favor of the plain-
tiff, in an action for personal injuries sustained by an
employee working on a separator.   Affirmed.

*Graves, Kizer & Graves,* for appellants.

*Nuzum, Clark & Nuzum* and *Geo. H. Armitage,* for
respondent.

Holcomb, J.—In this action to recover damages for
personal injuries, alleged to have been caused while
plaintiff was working on a separator threshing turnip
seed on defendants' farm, plaintiff had verdict and
judgment.

Appellants answered by admissions and general
denial and the affirmative defense of contributory neg-
ligence.   They did not plead as an affirmative defense
that respondent's injury was caused by the negligence
of a fellow servant.   They did not move for a nonsuit
or a directed verdict. . They did not request instruc-
tions respecting negligence of fellow servants, or any
other.

The straw was run through two separators.   It
passed from the first, or big machine, through a con-

[1]Reported in 172 Pac. 814.

veyor to the cylinder of the second, or little machine. Each separator was run by an independent engine. The cylinder of the small separator occasionally became clogged, and it was respondent's duty to clear it and, in pursuance thereof, to signal for the engineer to stop. The engine was about seventy feet from the cylinder of the separator, and the engineer could see plainly any one on top of the separator or working about the cylinder. Signals to stop or start were given by the hand or voice by the man on top of the separator to the engineer. It was customary for the engineer to give two short toots of the whistle before he started his engine. Prior to the time of the accident, the separator had stopped, having become clogged, and while respondent was engaged in clearing the cylinder, the engine suddenly started without any warning or signal, causing the injury to respondent.

Appellants assign as errors: (1) Giving instruction No. 3; (2) denying defendants' motion for judgment *non obstante;* (3) denying defendants' alternative motion for new trial.

Appellants excepted generally to instruction No. 3, which is:

"If the plaintiff has shown by the preponderance of the evidence that pursuant to his signal the machine was stopped, and that he then stepped down upon the revolving belt which carried the straw into the cylinder, and was engaged in cleaning out the cylinder, and that while so engaged and without notice or warning to him, the machine was started, carrying him into the cylinder, thus injuring him, then the plaintiff will be entitled to damages on account of his injuries from the defendants."

We will concede that the above instruction would be erroneous if the fellow servant doctrine had been an issue and no other instruction had been given. We are not disposed to sustain the fellow servant theory. The

injury was due to lack of .warning in starting machinery while respondent was in a place of extreme danger. To give such warning is a nondelegable duty of the master, from which he cannot escape liability by delegating the duty to another. *Schneider v. South Tacoma Mill Co.*, 65 Wash. 590, 118 Pac. 750. Threshing machines and their appliances may not be as dangerous instrumentalities as sawmills and their appliances, but any high-powered mechanical apparatus, usually operated at great speed and requiring human labor to attend, necessarily has great potentialities of danger and injury. The mere fact that the accident happened on a farm, from machinery operated for farming purposes, furnishes no exception to the general rule above stated.

The jury found in favor of respondent, and if there is sufficient evidence in the record upon which a judgment can be based, we will not set the verdict aside. Having concluded against appellants' fellow servant theory and finding no error, it becomes unnecessary to extend this opinion by further discussing the motions for judgment *non obstante* and for new trial.

The judgment of the trial court is affirmed.

ELLIS, C. J., PARKER, and CHADWICK, JJ., concur.